[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11319
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 0:09-cv-61928-JIC,
0:97-cr-06023-JIC-5

DINO IACULLO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 4, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Dino Iacullo, proceeding *pro se*, appeals the denial of his motion to vacate,

28 U.S.C. § 2255. On appeal, Iacullo argues that the magistrate judge and district court erroneously denied his request for a new magistrate. The government argues that we should dismiss the appeal for lack of jurisdiction because Iacullo's claim is moot. For the reasons set forth below, we affirm.

I.

Iacullo filed a motion to vacate, 28 U.S.C. § 2255, in 2009, and Patrick A. White, a magistrate, was assigned to the case. Iacullo also filed an unsealed supplemental memorandum. Magistrate White ordered the government to respond to Iacullo's motion to vacate within 45 days. Iacullo asked for a 45-day extension to reply to the government's response, and White granted him 30 days to file a reply.

Iacullo filed a motion for reassignment, asking that a new magistrate be assigned due to an appearance of conflict with White. Iacullo explained that he had filed a judicial complaint against White, which was resolved in 2005. Next, Iacullo filed a motion to hold his case in abeyance pending the resolution of the motion for reassignment. He argued that White was biased because: (1) White had only allowed Iacullo, a *pro se* litigant, a 30-day extension to file a reply, while the government had been allowed 45 days to file a response; (2) Iacullo's supplemental memorandum was not sealed, even though Iacullo had asked the

2

clerk to seal that document; and (3) Iacullo had not received a number of documents that had been filed in the case.

White denied the motion for reassignment because Iacullo had not shown that White was biased against Iacullo. Iacullo moved for reconsideration, and he submitted an affidavit, in which he declared that his judicial complaint against White concerned White's failure to follow the doctrine of *stare decisis*. White denied the motion for reconsideration. Following White's issuance of a report and recommendation, the district court denied Iacullo's motion to vacate, finding, in part, that White did not need to recuse himself under 28 U.S.C. § 455. Iacullo filed a motion for amended judgment, which the district court also denied.

Iacullo was unable to obtain a certificate of appealability ("COA"), but, in denying his motion for a COA, we did note that Iacullo could appeal the denial of his motion for reassignment.

## II.

We consider our jurisdiction, including whether an appeal is moot, *sua sponte*. *Seay Outdoor Adver., Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 946 (11th Cir. 2005). A judge's failure to recuse himself is reviewed for an abuse of discretion. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

We only have jurisdiction to consider "actual, ongoing cases or

3

controversies," not questions that are moot. *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1118-19 (11th Cir. 1995). To determine whether a case is moot, we determine what relief we may grant if the district court erred. *Aquamar S.A. v. Del Monte Fresh Produce N.A., Inc.*, 179 F.3d 1279, 1287 (11th Cir. 1999). "[I]f intervening events have made it impossible for [us] to grant any effectual relief," the case is moot and must be dismissed. *Id.* (quotation omitted).

A magistrate must recuse "himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He must also recuse himself if he is personally biased or prejudiced towards a party. *Id.* § 455(b). The purpose of § 455(a) is to foster "the public's confidence in the impartiality and integrity of the judicial process." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980). Thus, a judge should recuse himself if a reasonable person, aware of the circumstances, "would harbor doubts about the judge's impartiality." *Id.* Where a judge improperly fails to recuse himself, we may reverse the district court judgment and order a retrial before a different judge. *Id.* at 1112, 1120. In *Mixon v. United States*, 620 F.2d 486 (5th Cir. 1980), a prisoner appealed the denial of his motion to vacate. *Id.* at 487. The magistrate in that case was disqualified based on his participation as a government attorney in the prisoner's criminal case. *Id.* "Because of the disqualification, [the Fifth

4

Circuit] treat[ed] the proceedings and the disposition below as a nullity" and vacated and remanded for further proceedings. *Id.*

To require recusal, a judge's bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quotations omitted). Adverse judicial rulings are generally "proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "A judge's ordinary efforts at courtroom administration" also do not show bias. *Id.* at 556, 114 S.Ct. at 1157. Finally, in the Southern District of Florida, a party opposing a motion is generally allowed 14 days to respond to the motion, and the movant is generally then allowed 7 days to reply to the response. S.D. Fla. L.R. 7.1(c).

First, Iacullo's recusal argument is not moot. As in *Mixon*, if we determine that White should have recused himself, we can grant relief by reversing the district court judgment and ordering that the case not be assigned to White on remand. *See* 620 F.2d at 487; *Potashnick*, 609 F.2d at 1120. Even if the government is correct that Iacullo cannot prevail on the merits, § 455 is intended to protect against unfair judicial proceedings. *See Potashnick*, 609 F.2d at 1111. Therefore, if we remanded the case and Iacullo's motion to vacate was again

denied, the error of allowing his case to proceed before a biased magistrate will nonetheless have been remedied. *See Aquamar S.A.*, 179 F.3d at 1287.

Iacullo's argument that White should have recused himself is meritless. First, as to the judicial complaint, no reasonable observer would question White's impartiality simply because, more than four years before the instant motion to vacate was filed, Iacullo questioned White's judicial reasoning. *See Potashnick*, 609 F.2d at 1111. Second, no bias is evident from the fact that Iacullo did not receive some filings from the court. While this problem may indicate that the clerk's office was slow to mail some documents or that some of Iacullo's mail was lost before it reached him in prison, it bears no relevance to White's decisions and recommendations regarding Iacullo's motion to vacate. Third, no bias is evident from the failure to seal Iacullo's supplemental memorandum because he did not request that that document be sealed. Finally, White showed no bias in allowing the government 45 days to file a response while only allowing Iacullo a 30 days to file a reply. Rather, that judicial ruling was an example of courtroom administration, and it, therefore, did not show bias. *See Liteky*, 510 U.S. at 556, 114 S.Ct. at 1157. Moreover, the ruling was consistent with the local rules for the Southern District of Florida, which grant the party opposing a motion twice as much time to file a response as the movant is granted to file a reply. *See* S.D. Fla.

6

L.R. 7.1(c). Therefore, Iacullo has not shown that White was biased or prejudiced.

For the foregoing reasons, we affirm the denial of Iacullo's motion to vacate.

**AFFIRMED.**